USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 25 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jane Doe,

                Plaintiff,

—v—

AMDA, Inc., et al.,

                Defendants.

16-cv-101 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      Plaintiff Jane Doe filed her complaint in the above-captioned matter on January 6, 2016. Compl., Dkt. No. 1. Plaintiff, who at all times relevant to this action was a student at the American Musical and Dramatic Academy ("AMDA"), alleges that she was sexually assaulted by two male students in her residence hall. *Id.* ¶¶ 12, 17. She brings several causes of action against the Defendants on the basis of how they handled Plaintiff's report of the sexual assault and, more broadly, based on an alleged failed to educate students on sexual assault and harassment. *Id.* ¶¶ 56-89. A day after she filed her complaint, Plaintiff filed a motion to proceed anonymously (i.e., to continue to proceed under the "Jane Doe" pseudonym). Dkt. No. 5. Counsel for Defendants first appeared in this action on February 17, 2016, and indicated in a February 19, 2016 letter that Defendants consent to Plaintiff remaining anonymous. Dkt No. 15.

      Although the Federal Rules of Civil Procedure provide that "[t]he title of [a] complaint must name all the parties," Fed. R. Civ. P. 10(a), courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (alterations in original) (quotation marks and citation omitted). In determining whether to permit a plaintiff to proceed anonymously, a district court "must balance a plaintiff's

1

interest in anonymity against both (a) the public interest in disclosure and (b) the potential prejudice to defendants." *Id.* at 186-87. The Second Circuit has set out a "non-exhaustive" list of factors for district courts to consider in making this assessment. *Id.* at 189-90. Those factors include "whether the litigation involves matters that are highly sensitive and of a personal nature," whether "the plaintiff is particularly vulnerable to the possible harms of disclosure," whether "the plaintiff's identity has thus far been kept confidential," and whether "the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously." *Id.* at 190 (quotation marks and citations omitted).

Each of those factors counsels in favor of allowing Plaintiff to proceed anonymously here. As other courts have held, "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *see also Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Here, in addition to the obvious harms of disclosing the identity of a plaintiff bringing allegations of sexual assault, there is no countervailing concern that allowing Plaintiff to proceed anonymously would prejudice the Defendants, as they have consented to the motion. Accordingly, Plaintiff's motion to proceed anonymously is GRANTED.

SO ORDERED.

Dated: February 25, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge